FRANK G. COX, JOHN H. SHIVELY and WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Trustees under item 8 of the Last Will and Testament of William F. Sellers, deceased,

*vs.*

MARY G. SELLERS, ANNA SELLERS COX, FRANK GARDNER COX, JR., WILLIAM SELLERS COX, and WILLIAM SELLERS COX, JR.

*New Castle, January 27, 1943.*

*Charles F. Richards,* of the firm of Richards, Layton & Finger, for complainants.

*Clarence A. Southerland,* of the firm of Southerland, Berl & Potter, for respondents Mary G. Sellers and Anna Sellers Cox.

*Robert H. Richards,* of the firm of Richards, Layton & Finger, for respondents Frank Gardner Cox, Jr., and William Sellers Cox, individually and as guardian *ad litem* of William Sellers Cox, Jr.

PEARSON, Vice-Chancellor: The question reserved is whether the fact that the trustees held common as well as preferred stock of Edge Moor Iron Company should affect the allocation of the monies received in payment of the accrued dividends on the preferred stock. Summarizing the earlier opinion, the allocation of corporate distributions to trust corpus or income is determined by the intent of the settlor. In certain Delaware cases involving common stock, a rule has been stated that, in the absence of expressions to the contrary in the trust instrument, the intent is presumed

that distributions of corporate capital should be classified as trust corpus. My conclusion was that the rule referred to was inapplicable to this case, and that the preferred stock dividends, although paid out of corporate capital, should be treated as trust income, for reason that there are important differences in the character of the distributions considered in the previous Delaware cases and the distribution involved here; that the preferred stock dividends seem more reasonably within the meaning of "income" as that term is used by the testator, in that their purpose is to provide for a return on the investment represented by the preferred stock, and they are in substitution for distributions which would clearly constitute income; that they are attended by the same consequences with respect to capital in which the trustee-shareholders might otherwise participate, as though paid out of earnings, and hence, if allocated to income, there would be no resultant impairment of the corpus represented by the preferred stock, unless it be arbitrarily assumed that the dividends should be added to corpus; that the dividends have no logical connection with corpus and to treat them as corpus would be unfair to the income beneficiaries; that it follows from the foregoing that the more reasonable construction of the testator's expressions of intent is that the par or fixed liquidation value should be treated as the measure of the trust corpus represented by the preferred stock, for the purpose of allocating the corporate distributions in liquidation.

The remaindermen contend that even if the conclusions of the earlier opinion be accepted, nevertheless, the payment of all of the preferred dividends to the income beneficiaries would diminish the value of the trust corpus to the extent of approximately $28,750 and would consequently be improper. If the corporate capital paid to the preferred stockholders in satisfaction of their right to accrued dividends had not been paid to them, then, the complainant trustees would have received, on account of the common stock held in trust, capital in the amount of $28,750 more than they did receive. The

remaindermen argue that the trust estate is to be regarded as an entity; and that the above stated amount of capital was, in effect, taken away from the trust corpus represented by the common stock in order to pay the accrued dividends on the preferred stock, and should now be held as corpus.

Ordinarily, the existence of a loss sustained in connection with one investment does not require that income from other trust property be applied to make up the loss. On the contrary, each investment is considered separately in determining questions of allocation of property received by reason of such investment. Here, no sound reason has been suggested for looking beyond the corpus represented by the preferred stock alone, in order to ascertain whether the allocation of the preferred stock dividends to trust income would result in a reduction or impairment of corpus. Moreover, it is a fallacy to say that anything has been or would be taken away from the trust corpus represented by the common stock, either by the distribution of the monies in payment of the accrued dividends, or by the trustees' transmission of this fund to the life beneficiaries. Prior to any distributions in liquidation to the stockholders, the entire trust property consisted of shares of preferred stock and common stock. As preferred stockholders, the trustees were entitled to receive out of available corporate assets, upon liquidation, the par value and the amount of accrued dividends. As common stockholders, they were entit'ed only to what might be left after the satisfaction of the priorities of the preferred stock at whatever time liquidation might be actually accomplished. The liquidating receivers, in distributing corporate assets to the preferred stockholders, paid no more to the trustees than the amount to which they were entitled in their capacity as preferred stockholders. Likewise the trustees, as common stockholders, were paid no less than that to which they were entitled. Hence, neither before nor after the distributions did the amount received in satisfaction of the ac-

crued dividends on the preferred stock constitute a part of the trust corpus represented by the common stock.

The conclusion is that the allocation of the amount of accrued dividends to trust income would not reduce the corpus represented by the common stock, and that such allocation should be made.

A decree accordingly will be advised.

Note: On appeal the decree entered in conformity with this and the opinion reported 26 *Del. Ch.* 350, 28 *A.* 2d 679, was reversed and the cause remanded for action in conformity with the opinion of the Supreme Court reported *ante p.* 307, 33 *A.* 2d 548.